ABRAM N. WARD, Plaintiff in Error, *v.* THOMAS BREWER, Administrator *de bonis non* of the estate of Johnson Bright, deceased, Defendant in Error.

ERROR TO CUMBERLAND.

Where an administrator applied for an order to sell a described piece of land, which was granted, and the land was sold and conveyed, in *all* respects as directed, although the administrator intended to ask for the sale of an entirely different tract. Equity cannot give relief in the premises. There is no such mistake as the court can reform.

THIS was a suit instituted on the chancery side of the Cumberland Circuit Court, and was heard and decree rendered finally in that court, upon bill, answers, exhibit, replication and depositions of witnesses.

The bill was filed by William M. Owens, the administrator of Johnson Bright, deceased, Adeline McGaha, Sarah Wright and Marion Wright, her husband, William, Hinson, Minerva and Marion Bright, heirs at law of said decedent, against Abram N. Ward, to cancel a deed and set aside a sale of land made by said administrator under order of court to the said Ward, upon the ground of mistake in the situation, etc., of the land so sold, and for an injunction to stay waste, etc., until cause heard.

The depositions read in the cause as set out in the record, were taken by consent, and are in substance as follows:

*Elcana Bright* proves presence at sale and what transpired in a conversation between him and defendant, Ward; that he told Ward he thought the lands sold were unimproved, etc., and Ward said he would not give more than a certain sum for unimproved lands; that he knew lands of decedent, and gives his estimate of value; is ignorant of the numbers of improved land, nor does he know the quantity.

*Thomas Brewer* proves that he was crier at said sale; states the proclamation made by him of what was sold, and that Ward was the purchaser of the tract, eighty acres, for $106.07. *Elisha H. Starkweather* proves that he was attorney to procure order of sale for Owens as administrator, and how the land ordered

to be sold was selected from other lands of decedent, and by whom the selection was made.

*John W. Catlin* proves he was at sale, and had conversation with administrator at two periods of time; proves numbers of land sold.

*William E. Smith* proves survey of lands of decedent, and furnishes a plat copied into the record, which he states was done at the instance of administrator·; proves how much of the land was improved, and how.

*Samuel W. Quinn* proves the prices usually given for lands administrators sold in 1848, so far as in his knowledge.

Thomas Brewer, in a second deposition, proves that during Owens' lifetime he made a proposition to adjust the matter in suit to Ward, who rejected it; shows what it was; shows that papers belonging to decedent's estate had come to his hand as administrator *de bonis non;* states more explicitly how he described the lands at the time of sale, and furnishes copy of notice of sale used by him at the time.

The depositions, the record of the proceedings had in the Cumberland circuit in decreeing the sale of the lands, and the deed from Owens as administrator to Ward, as exhibited and read in evidence on the final trial of this cause, are set out in the record.

The decree rendered by the court below grants the prayer of the bill, cancels the deed and sets aside the sale, etc., and decrees that Ward pay the costs in this behalf accruing.

The defendant in the court below, Abram N. Ward, now brings the cause into this court by writ of error, and assigns the causes of error following, that is to say :

1.   That the court below erred in rendering the final decree rendered by it in this cause.

2.   That the court erred in rendering a decree against the plaintiff in error, and in favor of the defendant in error in this cause, and in rendering a decree for costs against the said plaintiff in error.

3.   That the court below erred in admitting evidence by depositions, as above, on the trial of this cause, but should have looked to the records of the proceedings sought to be set aside, etc.

This decree was rendered by HARLAN, Judge.

CONSTABLE & EDWARDS, for Plaintiff in Error.

O. B. FICKLIN, for Defendant in Error.

CATON, C. J.   The intestate died, leaving two tracts of land

adjoining each other, one of which was improved, and the other not. He did not leave sufficient personal estate to pay his debts, and the administrator filed a petition in the Circuit Court for the sale of real estate for the payment of debts, intending to describe therein the unimproved tract; but, from ignorance of the true numbers or description of the two tracts, he described the improved tract instead of the one which was vacant. Upon the hearing in the Circuit Court, an order was made directing the tract described in the petition to be sold. This tract was regularly advertised and sold, the consideration paid, and deed given, strictly in pursuance of the order of the court. We think it satisfactorily shown, that the administrator supposed, all the time, that he was proceeding against the unimproved tract, but the case does not satisfactorily show which tract the purchaser supposed he was buying. But all this, it seems to us, is entirely immaterial. Here is no mistake in any deed, or contract, or writing between any contracting parties, which a court of equity can reform or correct. The court decreed this tract of land to be sold. Even in this there was no mistake or error, for it was the same tract of land which it was asked to condemn, and the only one over which it had any jurisdiction. The same lot was advertised and sold, and conveyed by deed. In all this, there was no mistake to be rectified. This court could not substitute the tract which the administrator supposed he was selling for the one which the court ordered to be sold. That, instead of reforming the deed, would be to utterly destroy it. There would be no order of sale to support the deed thus reformed. The fact is, that there is no mistake in any part of the whole proceeding, except in the petition for the sale. That is such as no court of equity can ever correct.

The decree of the Circuit Court must be reversed, and the bill dismissed.

*Decree reversed.*